# In the United States Court of Federal Claims

No. 15-1167C
(Filed: September 16, 2016)

|  |  |  |
|---|---|---|
| DEKATRON CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Motion to Dismiss for Failure to State a Claim; RCFC 12(b)(6); Contract Disputes Act, 41 U.S.C. § 7104; Bad Faith; Exercise of Option Year |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

*Ralph C. Thomas, III*, McLean, VA, for plaintiff.

*Igor Helman*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom were *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, for defendant. *David R. Koeppel* and *Colin W. O'Sullivan*, Office of the Solicitor, United States Department of Labor, Washington, DC, of counsel.

**ORDER DENYING MOTION TO DISMISS**

Pending before the court in the above-captioned Contract Disputes Act case is a motion filed by defendant the United States ("the government") to dismiss plaintiff DekaTron Corporation's ("DekaTron") complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). In its complaint, DekaTron claims that it is entitled to damages for breach of contract on the grounds that the United States Department of Labor ("DOL" or "the agency") acted in bad faith in declining to exercise an option year of a technical support services contract.

DekaTron seeks damages in the amount of $4,937,893.51, including $3,748,384.60 for lost profits and $1,189,508.91 for leases, furniture, supplies, and other obligations.

## I.   BACKGROUND

### A.   FACTUAL BACKGROUND

The following facts are drawn from the complaint and are assumed to be true for the purposes of ruling on the government's motion to dismiss.

DekaTron is a minority owned, service disabled veteran owned small business incorporated in Delaware with its principal place of business in Camp Springs, Maryland. Compl. ¶¶ 5, 13.  On September 22, 2010, DOL awarded DekaTron an indefinite delivery indefinite quantity ("IDIQ") contract (no. DOLJ109630970) with a base year and four one-year option periods to provide technical support services for the agency's departmental e-budgeting system.  Compl. ¶¶ 6-7.  DOL exercised the first and second option years and awarded DekaTron two fixed price task orders (nos. DOLB129633991 and DOLB129634128).  Compl. ¶¶ 8-10.  However, DOL did not exercise the third option year.  Compl. ¶¶ 1, 25.

According to the complaint, during DekaTron's performance of the contract and task orders, the contracting officer representative, Andrew Rider, harassed DekaTron employees with racist, sexist, and religion-based remarks, including name calling, yelling, and foul language.  Compl. ¶¶ 12-13.  Following an independent investigation, DOL's Equal Employment Opportunity ("EEO") office found that this conduct violated DOL's "Harassing Conduct Policy."  Compl. ¶ 14.  In addition to harassing DekaTron employees, Mr. Rider also routinely held up processing of DekaTron's invoices, applied

penalties without discussion or investigation, and insisted on removal of labor hours. Compl. ¶ 15. Further, Mr. Rider "signed a contract with another company obligating services on behalf of DekaTron by falsely misrepresenting himself as a Program Manager of DekaTron." Compl. ¶ 16. DekaTron alleges that these and other steps Mr. Rider took that hindered performance of the contract were directly connected to Mr. Rider's harassment of DekaTron's employees. Compl. ¶ 17.

DekaTron alleges that during this period of harassment, the contracting officer did not respond to DekaTron's communications. Compl. ¶ 18. The contracting officer "eventually" removed Mr. Rider as the contracting officer representative for the contract at issue. Compl. ¶ 20. However, Mr. Rider was the supervisor of his replacement and Mr. Rider "was still being copied on documents regarding the DekaTron contract and task orders." *Id.*

DekaTron alleges that contract problems, including "DOL-initiated delays in contract performance, inconsistent directives from DOL, and nonpayment of DekaTron's properly submitted invoices in full," continued "after the EEO's finding of discriminatory conduct by Mr. Rider and after Mr. Rider was replaced" as the contracting officer representative. Compl. ¶ 21. DekaTron also alleges that its efforts to resolve these contract administration issues with the contracting officer and other agency officials were not successful. DekaTron claims that it requested alternative dispute resolution, which DOL rejected. Compl. ¶ 22. In addition, DekaTron alleges that in August 2013, it filed a complaint and request to intervene with DOL's task order and delivery order

ombudsman, which the ombudsman acknowledged receiving but did not act on until after DOL failed to exercise the third option period of DekaTron's contract. Compl. ¶ 23.

DekaTron alleges that the contracting officer refused to communicate with DekaTron "at all crucial times leading up to the Contracting Officer's failure to exercise Option Year 3." Compl. ¶ 24. Specifically, the contracting officer did not respond to inquiries from DekaTron as to whether the contracting officer would exercise option year 3 and "purposely let the time expire" for notifying DekaTron that it would exercise option year 3. Compl. ¶ 25.

On September 4, 2013, without informing DekaTron that option year 3 would not be exercised, DOL issued a new solicitation (no. DOL131RP21821) under schedule 70 of the General Services Administration's Federal Supply Schedule ("FSS") for substantially the same work that DekaTron was performing. Compl. ¶ 26. DekaTron alleges that DOL knew that DekaTron was not on the FSS and thus sought to exclude DekaTron from the new competition. Compl. ¶ 26-28.

### B. PROCEDURAL HISTORY

DekaTron filed a certified claim with the contracting officer on July 11, 2014. Compl. ¶ 29. The contracting officer filed a final decision denying the claim on October 10, 2014. Compl. ¶ 30.[1]

---

[1] DekaTron also states that DOL sent DekaTron two notices to cure. Compl. ¶ 30. DOL rescinded the first notice based on DekaTron's response and DOL did not reply to DekaTron's response to the second notice. *Id.*

On October 9, 2015, DekaTron filed its complaint in this court.[2]  On January 11, 2016, the government filed the pending motion to dismiss (ECF No. 9).  The court stayed consideration of the government's motion to dismiss pending resolution by the Civilian Board of Contract Appeals ("CBCA") of an indirectly related case, *DekaTron Corp. v. Department of Labor*, CBCA 4428, 16-1 BCA ¶ 36259 (ECF No. 18).  On June 6, 2016, the parties reported that they had reached a settlement agreement in the CBCA action but that the settlement agreement did not resolve the claims in the case before this court (ECF No. 19).  On June 7, 2016, the court lifted the stay of proceedings in this case (ECF No. 20).  The court heard oral argument on September 8, 2016.

## II.     JURISDICTION

The court has jurisdiction to hear this case under the Tucker Act, 28 U.S.C. § 1491(b)(1), and the Contract Disputes Act, 41 U.S.C. § 7104.  *See Coast Prof'l, Inc. v. United States*, No. 2015-5077, 2016 WL 3734671, at *4 (Fed. Cir. July 12, 2016) ("If a contractor wishes to contest an agency's decision regarding exercising an option under the contract, such a challenge is a matter of contract administration governed by the CDA." (citing *Jones Automation, Inc. v. United States*, 92 Fed. Cl. 368, 371–72 (2010); *Gov't Tech. Servs. LLC v. United States*, 90 Fed. Cl. 522, 526 (2009))).

---

[2] DekaTron initially brought the claim in this case before the Civilian Board of Contract Appeals ("CBCA"), which dismissed for lack of jurisdiction on the grounds that DekaTron's appeal of the contracting officer's final decision was not timely.  *See DekaTron Corp. v. Dep't of Labor*, CBCA 4444, 15-1 BCA ¶ 36045 (July 23, 2015).

### III.   LEGAL STANDARD

The government asks the court to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).  To avoid dismissal under RCFC 12(b)(6), "a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief."  *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (quoting *Kam-Almaz v. United States*, 682 F.3d 1364, 1367 (Fed. Cir. 2012).  "In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant."  *Hartford Fire Ins. Co. v. United States*, 772 F.3d 1281, 1284 (Fed. Cir. 2014) (citation omitted).

### IV.   DISCUSSION

DekaTron claims that it is entitled to lost profits and other damages on the grounds that DOL acted in bad faith when it failed to exercise the third option year of the contract.  In the pending motion, the government argues that DekaTron has failed to allege sufficient facts to show that the contracting officer or the agency as a whole acted in bad faith and thus the case must be dismissed for failure to state a claim.

Generally, the government is not required to exercise an option period to a contract if the contract places no restriction on the government's discretion.  *See Gov't Sys. Advisors, Inc. v. United States*, 847 F.2d 811, 812-13 (Fed. Cir. 1988).  However, "[a] contractor can recover for the government's failure to exercise an option if the government's failure was in bad faith."  *Bannum, Inc. v. United States*, 80 Fed. Cl. 239,

249 (2008) (citing *Hi-Shear Tech. Corp. v. United States*, 53 Fed. Cl. 420, 436 (2002); *Ho v. United States*, 49 Fed. Cl. 96, 107 (2001)).[3]

Government officials enjoy a presumption of good faith in the performance of their duties. *See id.* In order to show that the government acted in bad faith, a plaintiff must demonstrate that the government acted with a "specific intent to injure the plaintiff." *Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1240 (Fed. Cir. 2002) (citing *Kalvar Corp. v. United States*, 543 F.2d 1298, 1302 (Ct. Cl. 1976)). Bad faith has been found when a contracting officer representative acts with specific intent to injure or the contracting officer fails to exercise independent judgment or remedy the contracting officer representative's animus, such as by removing the contracting officer representative from responsibility. *See Libertatia Assocs., Inc. v. United States*, 46 Fed. Cl. 702, 711-12 (2000). In addition, a government entity acts in bad faith if the aggregate actions of its agents would constitute bad faith had the actions been performed by a single individual. *See Keeter Trading Co. v. United States*, 79 Fed. Cl. 243, 264 (2007) (citing *North Star Alaska Hous. Corp. v. United States*, 76 Fed. Cl. 158, 189 (2007); *Libertatia Assocs.*, 46 Fed. Cl. at 706, 710; *Struck Constr. Co. v. United States*, 96 Ct. Cl. 186, 221 (1942)).

---

[3] In *Sundowner 102, LLC v. United States*, 108 Fed. Cl. 737, 743 (2013), the court rejected the plaintiff's argument that the government violated the contractual duty of good faith and fair dealing by failing to exercise an option. While there was no allegation of specific intent to injure the plaintiff, the court noted that "[b]ecause the agency was under no contractual obligation to continue exercising option years, it could not have been bad faith for the agency to end the contract." *Id.* This court elects to follow the precedent of *Bannum*, 80 Fed. Cl. at 249, rather than the dicta in *Sundowner*, 108 Fed. Cl. at 743.

In its motion to dismiss, the government argues that DekaTron fails to allege sufficient facts to connect Mr. Rider's bad behavior and alleged animus toward DekaTron with the contracting officer's decision not to exercise the third option period.  The government argues that DekaTron does not allege that Mr. Rider had any role in the decision by the contracting officer not to exercise the option period to the contract or that the contracting officer separately acted in bad faith.  In addition, the government argues that even considering the actions of DOL officials in the aggregate, the allegations in the complaint show that the contracting officer acted in good faith by replacing Mr. Rider as the contracting officer representative.  Finally, the government argues that failing to exercise the option and obtaining the same services under a different contract are not alone sufficient to establish bad faith.

In response, DekaTron argues that it has alleged sufficient facts to withstand a motion to dismiss by alleging that the contracting officer failed to exercise independent judgment or remedy Mr. Rider's bad faith conduct.  Although the contracting officer eventually replaced Mr. Rider as the contracting officer representative, DekaTron argues that the court must construe the factual allegations in the complaint in its favor and that the court may infer that Mr. Rider continued to play a role in administering DekaTron's contract and task orders based on the allegation that Mr. Rider was his successor's supervisor and continued to be copied on documents regarding DekaTron's contract and task orders.  DekaTron also alleges that because the contracting officer refused to communicate with DekaTron, the contracting officer's only information regarding DekaTron came from Mr. Rider or Mr. Rider's subordinate.  DekaTron further argues

that the contracting officer's decision to issue a new solicitation under the FSS was done purposely to harm DekaTron because the contracting officer knew that DekaTron would not be eligible to compete for the award.  For all of these reasons, DekaTron argues that it has alleged sufficient facts in its complaint to also show that DOL officials acted in bad faith in the aggregate.

The court agrees with DekaTron that it has alleged sufficient facts to "plausibly . . . show[] entitlement to relief."  *See Matthews*, 750 F.3d at 1322 (citing *Kam-Almaz*, 682 F.3d at 1367).  The court finds that the factual allegations in the complaint, taken as true, could support a finding that DOL acted with a "specific intent to injure the plaintiff" in failing to exercise the option period to DekaTron's contract.  *Am-Pro*, 281 F.3d at 1240 (citation omitted).

The allegations in the complaint suggest that Mr. Rider, as the contracting officer representative and supervisor for the replacement contracting officer representative, may have acted with animus toward DekaTron.  These allegations are supported by EEO findings, as described by DekaTron in the complaint, that Mr. Rider harassed DekaTron's employees and the allegations that Mr. Rider took other steps to hinder DekaTron's performance of the contract.  And while it is true that the contracting officer removed Mr. Rider from the contract, DekaTron also alleges that Mr. Rider continued to be copied on documents and supervised his replacement.  The complaint also includes allegations regarding the contracting officer's failure to communicate with DekaTron or otherwise form an independent assessment of DekaTron's work.  These allegations suggest that the contracting officer did not exercise independent judgment and further suggest that the

decision not to exercise the third option year was related to DekaTron's interactions with Mr. Rider. The allegations in the complaint also suggest that the contracting officer had no reason, other than to harm DekaTron, when she decided not to exercise the third option year to DekaTron's contract and decided to use the FSS so that DekaTron could not compete for the new award.

While bad faith is very difficult to establish, and damages may be challenging to prove, it has been done in several cases. *See, e.g.*, *Keeter Trading Co. v. United States*, 85 Fed. Cl. 613, 625 (2009), *appeal dismissed*, 333 F. App'x 511 (Fed. Cir. 2009); *Libertatia Assocs.*, 46 Fed. Cl. at 712; *North Star Alaska Hous. Corp.*, 76 Fed. Cl. at 187-90. Where, as here, there have been serious allegations of improper conduct of a discriminatory nature by government procurement officials, which in this case were independently confirmed by the DOL's EEO, a plaintiff must be given the opportunity to prove its case. None of the cases the government relies upon to the contrary involve factual allegations of the nature stated in the subject complaint.

## V.  CONCLUSION

For the reasons stated above, the court finds that DekaTron has stated a claim upon which relief can be granted. Therefore, the government's motion to dismiss the complaint pursuant to RCFC 12(b)(6) is **DENIED**. The government shall file its answer to the complaint by **November 1, 2016**.

**IT IS SO ORDERED.**

                                              s/Nancy B. Firestone
                                              NANCY B. FIRESTONE
                                              Senior Judge